**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No. 4:26-cr-00494-JAR-JSD** |
| **v.** | ) | |
| | ) | |
| **DANIEL OTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Comes now Defendant, by and through counsel, and hereby responds to Government's Motion for Pre-Trial Detention (Doc. 4) and supplements the record following the Detention Hearing. Defendant respectfully requests pretrial release as Defendant is not a flight risk or danger to the community or any person, and therefore the presumption of detention is rebutted. Any potential concerns can be readily addressed by the imposition of pretrial conditions and supervision by Pretrial Services. In support of this request, Defendant offers the following in support:

### FACTUAL BACKGROUND

1. Defendant is charged by Indictment with one count of Receipt of Child Pornography. The charge does carry a rebuttable presumption of detention under Title 18, United States Code, Section 3142(e)(3)(E).

2. Defendant has been charged with the same conduct in Missouri State Court in *State of Missouri v. Daniel Ott,* 2611-CR02734. Defendant was released on a $500,000 cash only bond

with conditions of no contact with minors (including his own children), and no computer or internet access. He has been compliant since his release on September 8, 2026.

3. Defendant was informed of his charges in this matter, and self-surrendered at the given place and time.

4. Defendant has no prior criminal history, and no prior allegations concerning minors.

5. Because of Defendant's former employment, and because of the nature of messages he is alleged to have sent, Homeland Security Investigations and the St. Charles County Police Department Cyber Crimes Taskforce did an extensive investigation to ensure there were no concerns about sexual contact with minors.

6. The bail report states that Pretrial Services is recommending release on personal recognizance with conditions. *See* Doc. #14. Defendant will abide by all the proposed conditions, though would note that his passport was seized by law enforcement and is no longer in his possession.

## LEGAL AUTHORITY & ARGUMENT

### I. The evidence does not support Defendant being a flight risk or danger to the community.

7. The evidence does not demonstrate Defendant is a flight risk or danger to the community. Instead, facts have been presented to the contrary.

8. Defendant voluntarily surrendered upon request.

9. Defendant is a lifelong area resident and has extensive family ties to the area, including his parents, wife, and children.

10. The Government has not offered sufficient evidence to establish the Defendant is a flight risk and should be detained, and the facts presented rebut the presumption of detention.

**II. Any potential concerns the Court may have about Defendant being a flight risk or danger to the community can be addressed through the imposition of pretrial conditions and supervision by Pretrial Services.**

11. Pretrial Services does an excellent job at monitoring individuals on pretrial release and there are several conditions the Court could impose.

12. Conditions such as electronic monitoring with home detention, no contact with minors, no computer or internet usage, no alcohol or illegal drugs, and no travel outside of the jurisdiction are all appropriate here. On electronic monitoring, the Court would know immediately if Defendant was somewhere he was not supposed to be.

13. Defendant has complied with conditions of bond in his State case, which mirror the expectations of the Court on pretrial release. This is "evidence" that Defendant will comply with pretrial supervision.

14. Despite the nature of the "chats" Government references in their motion, presumably if there was a shred of evidence that Defendant did in fact harm or attempted to meet a child, he would have been charged with those offenses. Because he is facing one count of Receipt, it is clear no other evidence beyond what the Government has alleged thus far was found.

15. Other than the nature of the charges and the Government's proffer on the weight of the evidence, no other information has been provided that weights in favor of detention. Thus, Defense contends the presumption is rebutted by the other facts provided to the Court.

**III. Other considerations.**

16. Though the Court will make its own decision on what is proper in this case, Defense would offer so other instances where either the presumption of detention was overcome, or the Government did not move for detention, to show that pretrial release is not uncommon for Receipt of Child Pornography offenses. Some examples include:

*United States v. Hayes:* 4:24CR441 SRC/PLC

Defendant charged with one count of receipt of child pornography. Defendant release on pretrial release with conditions.

*United States v. Crews:* 4:22CR00031 RWS/DDN

Defendant charged with one count of receipt of child pornography. Defendant released on pretrial release with conditions.

*United States v. Diehl*: 4:22CR00055 RLW/PLC

Defendant charged with one count of receipt of child pornography. Defendant released on pretrial release with an unsecured bond.

*United States v. Morales*: 4:21CR00263 MTS/SPM

Defendant charged with one count of receipt of child pornography and one county of possession of child pornography. Defendant accused of operating a distribution website. Defendant released with conditions.

*United States v. Haglof:* 4:20CR384 HEA/SPM

Defendant charged with one count of receipt of child pornography, and one count of accessing with intent to view child pornography. Defendant release on pretrial release with conditions.

*United States v. Jamaledin:* 4:18CR00503 RWS/NCC

Defendant charged with one count of receipt of child pornography. Defendant released on pretrial release with conditions.

*United States v. Latall*: 4:18CR00906 AGF/NCC

Defendant charged with one count of receipt of child pornography. Defendant released on pretrial release with an unsecured bond.

*United States v. Hoeffener*: 4:16-CR0374 JAR/PLC

Defendant charged with one count of receipt of child pornography and two counts of possession of child pornography. Defendant alleged to possess numerous video and image files. Defendant released on pretrial release with an unsecured bond.

*United States v. Marrocco*: 4:16CR239 RLW/NAB

Defendant charged with one count of receipt of child pornography. Defendant alleged to possess numerous video and image files. Defendant released on pretrial release with an unsecured bond.

*United States v. Oldani*: 4:15CR79 SNLJ/NAB

Defendant charged with one count of receipt of child pornography and one count of possession of child pornography. Defendant alleged to possess numerous video and image files. Defendant released on his own recognizance.

WHEREFORE, Defendant respectfully moves this Court to deny the Government's Motion for Pretrial Detention and release Defendant subject to supervision by Pretrial Services and all appropriate pretrial conditions and grant any other relief the Court deems just and proper.

Respectfully Submitted,

FRANK & JUENGEL LAW GROUP P.C.

By */s/ Joseph W. Flees*
JOSEPH W. FLEES (#60872MO)
Counsel for Defendant
7710 Carondelet Avenue, Suite 350
Clayton, Missouri 63105
(314) 725-7777
jflees@fjrdefense.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Sila Gizem Karacal
Asst. United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

*/s/Joseph W. Flees*
JOSEPH W. FLEES